IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATTI DARBY | § § | |
| VS. | § § | Civil Action No. |
| HOME DEPOT U.S.A., INC. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Plaintiff, Patti Darby ("Mrs. Darby"), and files this lawsuit against Home Depot U.S.A., Inc. ("Defendant"). In support thereof, Mrs. Darby would respectfully show unto the Court and Jury as follows:

### I. PARTIES

1. Plaintiff, Patti Darby, is an individual who is a citizen of the State of Texas.

2. Defendant, Home Depot U.S.A., Inc., is a foreign corporation organized and existing under the laws of the State of Delaware with its principal office/place of business located in Atlanta, Georgia. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701. **Service of process and citation is requested at this time.**

### II. JURISDICTION

3. This Court has original jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Mrs. Darby and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### III. VENUE

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this district.

### IV. STATEMENT OF FACTS[1]

5. On December 14, 2011, Mrs. Darby sustained significant, life-altering injuries while acting within the course and scope of her employment for Defendant at the Home Depot store located at 6850 S. Fry Road, Katy, Texas 77494. On that date, Mrs. Darby, who was, at the time, a 22-year employee of Home Depot, was working in the receiving department as an RTV (i.e., Return to Vendor). After picking up a small, fiberglass ladder as part of her job duties, Mrs. Darby began walking away with the ladder. As she was walking away, Mrs. Darby heard a noise and, immediately thereafter, she was violently struck by a large, steel entry door and four large rolls of carpet pad. The force of the impact knocked her to the ground and caused her legs to spread out in a contorted fashion.

6. The incident in question occurred in an area of the receiving department that was intended for defective and/or "to-be-returned" items. The carpet pads, which were new merchandise and, thus, not normally stored in that location, were standing upright in storage racks. The large, steel door was leaning against the storage racks that contained the carpet pads. At some point prior to the incident in question,

---

[1] The statement of facts contained herein are hereby, in all things, incorporated under each heading of this complaint as if set forth fully therein.

Defendant removed (and failed to replace) a cable that was being used to secure the carpet pads in the storage racks.

7.  Following the incident, Mrs. Darby was in immediate, excruciating pain, covered by the door and pads and unable to get up.  Eventually, Mrs. Darby was transported by ambulance to Memorial Hermann Katy Hospital, where she spent the next week.  At the hospital, Mrs. Darby was diagnosed with, among other things, multiple fractures of the pelvis and sacrum.  After spending a week at Memoria Herman Katy Hospital, Mrs. Darby was transferred to HealthSouth Rehabilitation Hospital in Sugar Land where she spent another two weeks.  Unfortunately, to date, and despite extensive treatment for her injuries, Mrs. Darby continues to suffer significant pain, and she has not been released to return to work.  In fact, due to her in ability to physically perform her job duties, Mrs. Darby was terminated by Defendant effective December 15, 2012.  As a direct and proximate result of Defendant's negligence and other wrongful conduct, it has become necessary for Mrs. Darby to file this lawsuit.

## V. STATEMENT OF CLAIMS

### A. NEGLIGENCE

8.  The evidence will show that, on the occasion in question, Defendant committed numerous acts and/or omissions, which, collectively and severally, constituted negligence and which proximately caused Mrs. Darby's damages and/or injuries. The evidence will show, in particular, that the conduct of Defendant constituted negligence in one or more of the following particulars:

   i.   In failing to properly secure the carpet pads/door in question;

    ii.      In failing to provide a safe work environment;

    iii.     In failing to provide proper and safe work equipment;

    iv.     In failing to exercise reasonable care to inspect, reduce, eliminate and warn of a dangerous condition created by it;

    v.      In failing to properly train, assist and supervise its employees so as to avoid unreasonable risk of harm to other employees through incidents such as the one giving rise to this incident;

    vi.     In failing to provide its employees, including Mrs. Darby, with adequate and reasonably competent personnel to aid in work activities;

    vii.    In failing to promulgate, implement, enforce and identify proper rules and regulations for the safety of its employees;

    viii.   In utilizing dangerous and defective storage practices; and

    ix.     Upon information and belief, there are other acts of negligence, incompetence, and/or omissions which may be proved at trial.

9.     Each of the foregoing acts or omissions, taken separately or collectively, was a proximate cause of Mrs. Darby's damages and/or injuries. At all times material hereto, Defendant was a non-subscriber under the Texas system of workers' compensation insurance, and, therefore, is precluded from asserting certain defense, including, but not limited to, the defenses of comparative negligence, injury by fellow servant and assumption of risk.

**B.**    **PREMISES LIABILITY**

10.    To the extent necessary, the evidence will show also that, on the occasion in question, Defendant had a duty to refrain from creating conditions or activities on its

premises that were dangerous to its guests and employees, including Mrs. Darby. The unsafe condition of the storage racks, including the unsecured carpet pads and door therein, posed an unreasonable risk of harm to the Defendant's guests and employees, including Mrs. Darby. Defendant knew, or reasonably should have known, of the danger. Further, Defendant breached its duty of ordinary care to Mrs. Darby and others by failing to warn of the dangerous condition, or, in the alternative, by failing to make the condition reasonably safe. Defendant's acts and/or omissions proximately caused Mrs. Darby's damages and/or injuries.

## VI. Vicarious Liability

11.     The individuals (i.e., Defendant's employees) responsible for ensuring that the premises in question was safe were acting within the scope of their agency relationship with Defendant. Defendant, by and through its principals, had the right and duty to assign the agents tasks and control the means and details of the process by which those agents accomplished the task, all in furtherance of Defendant's business. Defendant exercised such a degree of command and control over the work in question that it created an agency relationship. Thus, Defendant should be held vicariously liable for the acts and/or omissions of its agents and/or employees.

## VII. Respondeat Superior

12.     The individuals responsible for ensuring that the premises in question was safe were acting in their capacity as agents and/or employees of Defendant and were acting within the course and scope of their authority as such. Thus, the doctrine of respondeat superior should be applied to Defendant, and Defendant should be held

vicariously liable for the acts and/or omissions of its agents and/or employees.

## VIII. DAMAGES

13. Although Mrs. Darby expressly reserves the right to amend her complaint with more detailed information regarding damages upon the completion of discovery, Mrs. Darby would show that she has suffered losses, damages and injuries in a sum in excess of the minimal jurisdictional limits of this Court. Specifically, Mrs. Darby would show that, as a direct and proximate cause of Defendant's acts and/or omissions, she incurred the following damages for which she is legally entitled to recover:

    i. Past and future medical care expenses;

    ii. Past and future physical pain and suffering;

    iii. Past and future mental anguish;

    iv. Past and future disfigurement;

    v. Past and future physical impairment;

    vi. Past and future loss of earning capacity;

    vii. Pre-judgment interest at the highest rate allowed by law;

    viii. Post-judgment interest at the highest rate allowed by law;

    ix. Costs of suit; and

    x. Such other and further relief, both at law and equity, to which Mrs. Darby may show herself to be justly entitled.

## IX. JURY DEMAND

14. Pursuant to the provisions of Rule 38 of the Federal Rules of Civil Procedure, Mrs. Darby hereby formally makes this demand and application for a jury

trial in this litigation. A jury fee has been paid.

### X. PRAYER

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Patti Darby, respectfully prays that Defendant, Home Depot U.S.A., Inc., be cited to appear and answer and that Plaintiff have judgment against Defendant for actual damages as herein noted, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief, at law and in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**JOHANSON & FAIRLESS, L.L.P.**

By: _____
MIKE JOHANSON, #10670400
CHRIS M. VOLF, #24033299
1456 First Colony Blvd.
Sugar Land, Texas 77479
(281) 313-5000
Fax: (281) 340-5100

ATTORNEYS FOR PLAINTIFF
**PATTI DARBY**